Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **LYNDA THOMAS**, | ) Case No. CV-10-067-RMP |
| | ) |
| Plaintiff, | ) **AMENDED COMPLAINT** |
| | ) |
| vs. | ) |
| | ) |
| **APEX FINANCIAL MANAGEMENT, LLC,** | ) |
| | ) |
| Defendant. | ) |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Washington Collection Agency Act ("WCAA"), Revised Code of Washington, Chapter 19.16.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

Plaintiff's Amended Complaint - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiff, Lynda Thomas ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Okanogan, and City of Riverside.

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and a "debtor" as defined by Wash. Rev. Code § 19.16.100(11).

6. Defendant, Apex Financial Management, LLC, ("Defendant") is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and a "licensee," as defined by Wash. Rev. Code § 19.16.100(9).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

Plaintiff's Amended Complaint - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11.     On November 6, 2009 Defendant contacted Plaintiff by placing a telephone call to her cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12.     Upon information and belief, on November 6, 2009, Defendant willfully and knowingly utilized an automatic telephone dialing system to contact Plaintiff, by placing a telephone call to her cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13.     On November 6, 2009, Plaintiff spoke with one of Defendant's representatives, Ryan Bolins.

Plaintiff's Amended Complaint - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

14. Defendant's representative informed Plaintiff that Defendant was a debt collector, and that Defendant had contacted her to collect a debt owed or due a creditor other than Defendant.

15. Defendant's representative informed Plaintiff that should she fail to immediately pay to Defendant the debt owed or due a creditor other than Defendant, that Defendant could and/or would add collection fees to the amount owed or due a creditor other than Defendant.

16. Plaintiff thereafter informed Defendant's representative that she disputed the validity of debt alleged owed or due a creditor other than Defendant.

17. Plaintiff additionally requested of Defendant that it provide all necessary documentation validating the debt alleged owed or due a creditor other than Defendant.

18. On November 12, 2009 Defendant contacted Plaintiff, by placing a telephone call to her cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

19. Upon information and belief, on November 12, 2009, Defendant willfully and knowingly utilized an automatic telephone dialing system to contact Plaintiff, by placing a telephone call to her cellular telephone number, in effort to

Plaintiff's Amended Complaint - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

20. On November 12, 2009, Plaintiff spoke with one of Defendant's representatives, Hillary Finney.

21. Defendant's representative informed Plaintiff that Defendant was a debt collector, and that Defendant had contacted her to collect a debt owed or due a creditor other than Defendant.

22. Plaintiff thereafter informed Defendant's representative that she disputed the validity of the debt alleged owed or due a creditor other than Defendant.

23. Plaintiff additionally requested of Defendant that it provide all necessary documentation validating the debt alleged owed or due a creditor other than Defendant.

24. On November 21, 2009, Plaintiff received from Defendant a written letter dated November 13, 2009, and postmarked November 16, 2009, demanding that Plaintiff pay in full the debt alleged owed or due a creditor other than Defendant.

25. Defendant's letter dated November 13, 2009, and postmarked November 16, 2009, purportedly included provisions and disclosures required by the FDCPA at section 1692g.

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

26. On November 23, 2009, Plaintiff mailed to Defendant a written letter disputing the validity of the debt alleged owed or due a creditor other than Defendant.

27. On November 24, 2009, Plaintiff mailed to Defendant, via certified mail, a second written letter disputing the validity of the debt alleged owed or due a creditor other than Defendant.

28. Defendant received, and signed for, Plaintiff's November 24, 2009 written letter disputing the validity of the debt alleged owed or due a creditor other than Defendant, on November 30, 2009.

29. On November 25, 2009, Defendant placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

30. Upon information and belief, on November 12, 2009, Defendant willfully and knowingly utilized an automatic telephone dialing system to place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

…

…

Plaintiff's Amended Complaint - 6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## COUNT I

31.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30.

32.     Defendant violated 15 U.S.C. § 1692g(a) in failing to provide Plaintiff with required written notice either in its initial communication with Plaintiff, or in writing within five (5) days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

33.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30.

Plaintiff's Amended Complaint - 7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

34.     Defendant violated 15 U.S.C. § 1692g(b) by overshadowing, and/or instituting collection activity inconsistent with, the requisite disclosure of Plaintiff's right to dispute the debt alleged owed or due a creditor other than Defendant.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

35.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30.

36.     Defendant violated 47 U.S.C. § 227(b)(1)(A) by using an automatic telephone dialing system to place no less than three (3) calls to Plaintiff's cellular

Plaintiff's Amended Complaint - 8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

telephone number in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

## COUNT IV

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 30.

38. Defendant violated RCWA 19.16.250 by (1) communicating with Plaintiff in a manner as to harass, intimidate, threaten, or embarrass Plaintiff; (2)

Plaintiff's Amended Complaint - 9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

communicating with Plaintiff and representing or implying that the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing the alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant; (3) communicating with Plaintiff and threatening to take any action against Plaintiff which Defendant could not legally take at the time the threat was made; and (4) communicating with Plaintiff and attempting to collect in addition to the principal amount the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, any sum other than allowable interest, collection costs or handling fees expressly authorized by statute.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated RCWA 19.16.250;

b) Awarding Plaintiff actual damages, pursuant to RCWA 19.86.090;

c) Awarding Plaintiff actual damages trebled, pursuant to RCWA 19.86.090;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

Plaintiff's Amended Complaint - 10

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 10th day of May, 2010.

<u>s/Jon N. Robbins</u>
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

Plaintiff's Amended Complaint - 11

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com