UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYNDA THOMAS,<br><br>               Plaintiff,<br><br>    v.<br><br>APEX FINANCIAL MANAGEMENT, LLC,<br><br>               Defendant. | NO:  CV-10-067-RMP<br><br>SCHEDULING ORDER AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

A telephonic scheduling conference was held on June 28, 2010. Jon Robbins appeared on behalf of Plaintiff Lynda Thomas. Jeffrey Hasson appeared on behalf of Defendant Apex Financial Management, LLC.

Having reviewed the Defendant's Motion to Dismiss (Ct. Rec. 3) and the parties' Joint Status Certificate (Ct. Rec. 12), heard from counsel, and been fully advised in this matter, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (**Ct. Rec. 3**) is **DENIED** with leave to renew.

SCHEDULING ORDER AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

2.   Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the parties shall disclose the following:

(a)  A list of all individuals, including addresses and phone numbers, if known, who are likely to have discoverable information relevant to any issue in the case;

(b)  A copy or description of all documents and tangible things that may be relevant to any issue in the case;

(c)  A computation of any damages claimed by any party; and

(d)  A description of any insurance agreement that must be made available for inspection and/or copying.

3.   All non-dispositive hearings in which oral argument has been requested shall be conducted telephonically unless approved for in-person argument by the Court.  If the in-person argument is desired, the parties must advise the Court why in-person argument would be appropriate when contacting the Court to schedule the hearing.  All dispositive hearings in which oral argument has been requested shall be set for in-person appearance; however, the parties may request to appear telephonically.

4.   By **February 11, 2011**, the parties shall file a Settlement Status Certificate stating whether they have arranged for mediation or if they would be in

SCHEDULING ORDER AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

agreement to schedule mediation with one of the court's full-time magistrates. A Telephonic Status Conference to address the Settlement Certificate has been set for **February 18, 2011 at 9:00 a.m.** On the date and time scheduled for the status conference, the parties shall call the Court's conference line at (509) 458-6380.

5. The parties shall exchange the materials identified in Fed. R. Civ. P. 26(a)(2)(B) in accordance with the following schedule, but shall not file these materials with the Court.

The parties shall identify expert witnesses to be called at trial and shall exchange Rule 26 materials, including expert witness reports, for those witnesses on or before **October 14, 2010,** for all issues on which they bear the burden of proof. Ordinarily, that means that Plaintiff shall disclose experts supporting its case-in-chief, and that Defendant shall disclose experts supporting any affirmative defenses.

The parties shall identify expert witnesses to be called at trial and shall exchange Rule 26 materials, including expert witness reports, for those witnesses on or before **November 12, 2010**, for all issues on which the opposing party bears the burden of proof. Ordinarily, that means that Defendant shall disclose experts opposing Plaintiff's case-in-chief, and that Plaintiff shall disclose experts opposing any affirmative defenses.

SCHEDULING ORDER AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 3

All rebuttal expert witnesses shall be identified and Rule 26 materials exchanged on or before **December 3, 2010**.

The parties may modify the deadline for exchange of expert disclosures by joint stipulation filed with the Court. Pretrial disclosure of the identity of all other persons shall conform to the requirements of Fed. R. Civ. P. 26(a)(1) (persons with relevant knowledge) and 26(a)(3) (witnesses).

6. All discovery shall be completed on or before **December 30, 2010**. The parties shall file no discovery except as necessary to support motions.

7. All dispositive motions shall be filed and served on or before **January 12, 2011**. As with all motions filed in this case, dispositive motions shall comply with the page and time limits set forth in Local Rule 7.1(h). Motions for which expedited consideration is requested must be accompanied by a written request setting forth in detail the reason for an expedited hearing.

Challenges to the admissibility of expert opinion testimony on the basis of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 2796, 125 L.Ed.2d 469 (1993), shall be made by written motion and filed by **January 12, 2011.** If the party challenging expert testimony anticipates that an evidentiary hearing shall be required, the party shall so advise the Court and opposing counsel in conjunction with the filing of its *Daubert* motions. The party

SCHEDULING ORDER AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4

shall describe the nature of the evidence to be presented and provide an estimate of the amount of time required for the hearing.

8. Exhibit lists and witness lists shall be filed and served, and exhibits made available for inspection (or copies provided), on or before **March 3, 2011**. The witness list shall include identification of each witness's testimony. Where feasible, all exhibits identified in depositions shall be pre-marked with the exhibit numbers that will be used at trial. Plaintiff's trial exhibits are to be numbered 1 through 199; defendant's exhibits 200 and following.

Objections to such lists and any accompanying briefs shall be filed and served on or before **March 10, 2011**. Responses, if any, to objections to witness and/or exhibit list shall be filed and served on or before **March 17, 2011**. Objections shall be heard at the pretrial conference. Copies of the exhibits to which there are objections shall be provided to the Court on or before **March 10, 2011**.

In accordance with Local Rule 83.1(g), each party shall bring to trial, and any other hearing on the merits, photocopies of their relevant pre-marked exhibits for the Court, opposing counsel, and testifying witness, unless it is not possible to do so because of the nature of an exhibit. It is recommended that these photocopies be organized into separate binders.

SCHEDULING ORDER AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 5

9. All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by motions *in limine* to be filed and served on or before **March 18, 2011**. Responses shall be filed and served on or before **March 25, 2011**. Such motions will be addressed and resolved at the pretrial conference.

10. Designation of substantive, as opposed to impeachment, deposition testimony shall be by highlighting and shall be served on or before **March 3, 2011**. Cross-designations by highlighting in a different color shall be served on or before **March 10, 2011**. Objections to any designated deposition testimony shall be filed and served on or before **March 17, 2011**, and shall be heard and resolved at the pretrial conference. Copies of designations to which there are objections shall be provided to the Court on or before **March 17, 2011**.

11. A joint Pretrial Order, prepared in accordance with the format provided in Local Rule 16.1(b) shall be filed on or before **April 7, 2011**, and a copy e-mailed to the Court at petersonorders@waed.uscourts.gov.

The list of exhibits contained in the joint Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

SCHEDULING ORDER AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 6

12. A telephonic pretrial conference will be held on **April 19, 2011** at **9:00 a.m.** At the time scheduled for the pretrial conference, the parties shall call the Court's conference line at (509) 458-6380. The parties should advise the Court if they believe that an in-person pretrial conference would be appropriate.

13. Trial briefs and proposed findings of fact and conclusions of law shall be filed and served on or before **April 7, 2011**.

14. Prior to **April 7, 2011**, the parties shall confer regarding jury instructions. On or before **April 7, 2011**, the parties shall jointly file a complete set of jury instructions that contain copies of each instruction on which the parties agree and copies of each instruction that is disputed (i.e., a copy of each party's proposed version, if any, of an instruction on which they do not agree). All instructions shall be short, concise, understandable, and neutral statements of the law. Argumentative instructions shall not be submitted or given. To be complete, the joint set of instructions must include instructions addressing the elements of each claim or defense, and a proposed verdict form. Instructions need not be submitted on issues that are not unique to this case, such as standard opening and closing instructions. Two copies of each proposed instruction, one cited and one un-cited, shall be filed and a copy e-mailed to the court at *petersonorders@waed.uscourts.gov*. *See also* Local Rule 51.1.

SCHEDULING ORDER AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 7

On or before **April 7, 2011,** each party shall file and serve a legal memorandum addressing any objections the party has regarding any instructions proposed by any other party. In their memoranda, the parties shall identify the specific portion of any proposed instruction to which they object and shall concisely state the basis for the objection. If any of the proposed instructions are modified versions of model instructions, the parties shall identify the modification and legal authority for the modification. Objections asserting that an instruction sets forth an incorrect or inappropriate statement of law shall cite specific legal authority supporting the objection. Failure to file an objection and supporting memorandum may be construed as consent to the adoption of an instruction proposed by another party. Any objection or proposed instruction for which a good faith basis does not exist may result in sanctions. The party proposing a disputed instruction may file a memorandum responding to any other party's objections, but must do so on or before **April 7, 2011.**

15. The **jury** trial shall commence on **May 2, 2011,** at **9:00 a.m.** in **Spokane, Washington**. Counsel estimates a trial length of **two (2) days**. Counsel shall meet in chambers at **8:30 a.m.** on the day of trial.

16. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, this schedule "shall not be modified except upon a showing of good cause and by leave

SCHEDULING ORDER AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 8

[of the Court]."  Rule 16(f) of the Federal Rules of Civil Procedure provides for

sanctions for failure to obey the Scheduling Order.

      **IT IS SO ORDERED.**   The District Court Executive is hereby directed to

enter this Order and to furnish copies to counsel.

      **DATED** this 28th day of June, 2010.

                                       *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                    United States District Court Judge

SCHEDULING ORDER AND ORDER DENYING DEFENDANT'S MOTION
TO DISMISS ~ 9