Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com
Attorney for Plaintiff

Aaron D. Radbil
WEISBERG & MEYERS, LLC
5722 S. Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| **LYNDA THOMAS**, | ) | Case No. 2:10-cv-00067-RMP |
| | ) | |
| Plaintiff, | ) | **SECOND AMENDED COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| **APEX FINANCIAL** | ) | |
| **MANAGEMENT, LLC, and** | ) | |
| **EQUABLE ASCENT FINANCIAL,** | ) | |
| **LLC, f/k/a HILCO RECEIVABLES,** | ) | |
| **LLC** | ) | |
| | ) | |
| Defendants. | ) | |

*///*

*///*

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

## NATURE OF ACTION

1.      This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Washington Collection Agency Act ("WCAA"), Revised Code of Washington, Chapter 19.16.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendants transact business in this State and this district.

## PARTIES

4.      Plaintiff, Lynda Thomas ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Okanogan, and City of Riverside.

5.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and a "debtor" as defined by Wash. Rev. Code § 19.16.100(11).

6.      Defendant, Equable Ascent Financial, LLC ("EAF"), is an entity who acquires debt in default merely for collection purposes, and who at all

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

7.    EAF's principal place of business is 1120 Lake Cook Rd., Buffalo Grove, Illinois 60089.

8.    EAF is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9.    EAF specializes in purchasing and managing consumer accounts receivable.

10.    EAF purchases and services large pools of consumer receivables.

11.    EAF purchases distressed post charge off consumer receivables from major institutions and smaller retail credit providers in the United States.

12.    EAF offers full-spectrum consumer portfolio management as well as consumer asset recovery on a fee-for-service basis.

13.    EAF provides direct servicing of consumer collections distressed debt buyers other than itself, utilizing its in house platform.

14.    EAF offers financial solutions for distressed consumer portfolios including detailed value analysis, direct servicing, and in-house management.

15.    EAF provides a scalable network of agencies, in house operations, and law firms that can manage the boarding, strategy development, and placement

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

and monitoring of consumer debt accounts for its clients, such as banks, institutional buyers, and other accounts receivable buyers.

16.    EAF uses cutting-edge modeling to value consumer receivables and create in-depth behavioral segments based on historical cash flow, demographic information, and credit bureau attributes accumulated at the individual loan level.

17.    Defendant, Apex Financial Management, LLC, ("Apex") is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

18.    Apex is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and a "licensee," as defined by Wash. Rev. Code § 19.16.100(9).

19.    Apex's principal place of business is 1120 Lake Cook Rd., Buffalo Grove, Illinois 60089.

20.    Apex services consumer debt portfolios placed with it for collection by financial institutions and other third parties, on a contingent fee basis.

21.    Apex's primary focus is collecting on purchased portfolios for larger debt buying agencies.

22.    Apex offers state of the art debt collection resources and facilities to its clients.

23.    Apex and EAF work in tandem to collect consumer debt.

Plaintiff's Second Amended Complaint - 4

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

    
24.    Apex was incorporated in the state of Illinois in 2000 and is a wholly-owned subsidiary of EAF.

25.    Apex and EAF share an office building, located at 1120 Lake Cook Road, Buffalo Grove, Illinois.

26.    Apex's employees' retirement plans are covered by a 401(k) savings plan sponsored by EAF.

27.    Apex and EAF collaborate and pool resources in soliciting prospective employees.

28.    Several officers, managers, and employees of Apex and EAF perform the same job function for both Apex and EAF.

29.    Employees of Apex and EAF earn promotions transferable between Apex and EAF.

30.    EAF is thoroughly enmeshed in the debt collection business, and EAF is a significant participant in Apex's debt collection process.

31.    Apex and EAF contributed to or participated in, authorized, or implemented the policies regarding the acts complained of which caused injuries to Plaintiff.

32.    Apex and EAF combined and concurred with each other in committing the acts complained of.

Plaintiff's Second Amended Complaint - 5

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

33.    Apex and EAF acted at all times in concert with, or as principal or agent or employee of the other in a common financial enterprise.

34.    Apex and EAF, in carrying out the acts complained of, were at all relevant times acting within the scope, purpose, and authority of such agency, service, or employment.

35.    Apex and EAF acted with the express or implied permission, knowledge, consent, or ratification of each other.

## FACTUAL ALLEGATIONS

36.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Apex.

37.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Apex, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

38.    Apex uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

39.    On or about November 6, 2009 Apex contacted Plaintiff by placing a telephone call to her cellular telephone number, in effort to collect from Plaintiff

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Apex.

40.    Upon information and belief, on November 6, 2009, Apex willfully and knowingly utilized an automatic telephone dialing system to contact Plaintiff, by placing a telephone call to her cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Apex.

41.    On or about November 6, 2009, Plaintiff spoke with one of Apex's representatives, Ryan Bolins.

42.    Mr. Bolins informed Plaintiff that the alleged obligation that Apex sought to collect from Plaintiff arose from J.C. Penny account with a "contract date" of 2002, that was "charged off in 2009."

43.    Mr. Bolins offered to accept as settlement of the alleged obligation that Apex sought to collect from Plaintiff 60% of a stated outstanding balance in the amount of $199.93.

44.    Mr. Bolins informed Plaintiff that if she were to accept Apex's settlement offer that her credit report would "say that its settled."

45.    Mr. Bolins, however, continued: "Now if you want it to say that it's paid off in full it will boost your rating slightly more than it would if you settled the account, and it won't say settled on the credit report, it'll say, paid in full."

Plaintiff's Second Amended Complaint - 7

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

46.    Upon further inquiry from Plaintiff regarding notations on her credit report, Mr. Bolins stated:

> Well, here's how it works. GE Money finances JC Penny's credit cards. JC Penny signs you up for their credit card, but then GE Money finances you. So it's actually a GE Money bank account, but it's a JC Penny credit card. So it's like, GE Money is like basically JC Penny's bank that they use.

> *    *    *

> Okay. What you can do is when you pay this off and you clear out the account with us, you mail or you fax over the clearance letter to those companies, GE Money Bank and JC Penny to get it removed off your credit report, because it shouldn't be showing up more than once on your credit report.

> *    *    *

> Yeah, and then also we also report to the credit bureau once the payment has been cleared in the office. So it should reflect on the credit report right away within 60 to 90 days like I said. Or if it doesn't remove all the other from the GE Money Bank and JC Penny you can fax over the information, they'll take it off for you, because, like I said before, there should be no reason why it's on there three times.

47.    When Plaintiff again asked about Apex's previous offer to settle the alleged obligation that Apex sought to collect form Plaintiff for 60% of a stated

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

outstanding balance in the amount of $199.93, Mr. Bolins redirected the conversation in noting:

> Yes, if you settle the account for anything less than the full amount it's going to show settled on the credit report.
>
> *    *    *
>
> No, this is still the settlement. Anything less than $199.93 is considered a settlement, and it'll show settlement on the credit report.

48.    In response to Plaintiff's subsequent question as to whether Apex would note her account as "paid in full" should she accept Apex's offer, Mr. Bolins explained:

> No, we cannot, because it is a settlement. The only reason I was offering you the settlement was just to try to save you some money, 'cause most people want to save money and they don't, you know, they just want to get rid of it. They don't care if it shows up as paid in full or settled. **But, you know, in your case if you want your credit to be boosted once again or to make it look better on your credit report it just looks better if that is paid in full**. So if we set up a payment, anything less than $199.93, it is considered a settlement.
>
> *    *    *
>
> You know, it just depends on how you want it to look on your credit report

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

49.    On or about November 6, 2009, Plaintiff also spoke with Mr. Bolins' supervisor.

50.    Almost immediately after initiating a conversation with Plaintiff, Mr. Bolins' supervisor stated:

> Okay, now I wanted to give you some important information, okay? In regards to basically how you want to show it on your credit report. **Now if you are trying to take care of this account so you could get your credit updated, whatever points that were taken off your credit will be given back if you pay it in full**. Now, if you settle this account out what's going to happen is that the derogatory of your credit will be updated, but it's not going to have all the points that were taken off from this account, would not be given back to you. And in the long run what's going to happen if you do settle it out, I mean, my main thing is that I have no problem offering you a settlement, but, you know, **what shows better on your credit report is paying it in full**. There is a small balance and the best thing is … Go ahead, I'm sorry.

51.    In response to Plaintiff's statement that she wanted to settle the alleged obligation that Apex sought to collect from Plaintiff, Mr. Bolins' supervisor announced:

> Yes, Ma'am. You're basically saving about $90 on this account. You know, my main concern was that, you know, I understand what amount that you owe and you're trying to get this account settled out, and giving you that amount, rather just pay it off in full so it shows

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

on your credit as paid in full. But it's up to you if you want to take advantage of a settlement, and that's fine also. You there, Ms. Thomas?

\*    \*    \*

Okay, **because it shows on your credit report as paid in full, and basically whatever points that were taken off from this account will be given back to you**. That's what I prefer because, you know, I understand even though you owe that amount or there is a certain amount that you owe, but the main factor is not me or not this account, it's basically to clear[?] your credit report.

\*    \*    \*

How you want to get that information updated. And my best bet is basically to just take care of the whole account and get it paid in full. So, you know, your credit report will be updated as paid, and everything on your credit report will be basically stating that the account has been taken  care of and has been paid in full.

52.    Mr. Bolins' supervisor also noted that "the last payment that was received on this account was on October 3, 2002."

53.    On or about November 12, 2009 Apex contacted Plaintiff by placing a telephone call to her cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Apex.

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

54.    Upon information and belief, on or about November 12, 2009, Apex willfully and knowingly utilized an automatic telephone dialing system to contact Plaintiff, by placing a telephone call to her cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Apex.

55.    On November 12, 2009, Plaintiff spoke with one of Apex's representatives, Hillary Finne.

56.    Ms. Finne explained the status of the alleged obligation that Apex sought to collect from Plaintiff in noting: "Well, you know, I just can't help you there because it's been sold at least two times since it was in JC Penny's hands."

57.    Ms. Finne further explained:

> Alright, well, yeah, the other thing about, okay, is it yours, is it not yours? We're talking about paid a last payment was October 2002. So unfortunately as far as really entering into a dispute on this sucker you're kind of SOL. We are sending, let's see, when did your dunning letter go out? Because this just came to our office November. **And it doesn't even look like your dunning letter's gone out**. So okay, here's your options. You can certainly dispute this account. You'll have to do that in writing, and since I have your new address I'll go ahead. We call it a dunning letter. It's basically the letter that tells you all your rights, responsibilities, where the account is, you know, and all that type of stuff. Has all the [???], dates.

  *       *       *

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

Right. Well, it helps having your correct address. So let's get that out to you. That gives you 30 days to dispute the debt in writing which you are certainly welcome to do. I haven't even looked at your financial situation on this one []. **Personally, for a $200 debt, I would settle this sucker rather than do the dispute, because all you're going to have done is the dispute listed on your credit report, but the debt is still going to be there. And then it matters how people interoperate that on your credit report as to whether that's really hurting you or helping you or having no effect**.

58.     Ms. Finne later noted:

Well, it's your call. I mean I can certainly offer you a settlement on this sucker. You can do monthly payments if you want. It's just so huge. We can certainly get there that way. **Or I can kick that letter out to you today and you can go ahead and you can do the written dispute**. Whatever makes you happy.

59.     Ms. Finne, referencing perceived negative implications of disputing the alleged obligation that Apex sought to collect from Plaintiff, detailed:

Of course. **And like I said, if you want to dispute it you need to do it in writing and I'm not really sure how that reads on your credit report for anything in the future you wanted** . . .

        *        *        *

So, in my experience if it were mine I'd knock it out because negligible.

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

60.    In response to Plaintiff's inquiry regarding Apex's possession of original bills that might verify whether Plaintiff in fact ever owed the alleged obligation the Apex sought to collect from Plaintiff, Ms. Finne explained:

> Right, not the original billing statement, which of course we certainly wouldn't have since we didn't do it, but we would have to verify the debt is real. But you know you had the card. Essentially what you're going to wind up with is your original signed contract showing that you in fact … or several of the last payment checks written off by you showing that you actually paid on this account. We just have to prove that it was yours.

61.    Ms. Finne continued:

> Yeah, unfortunately if I understand, **and I don't know the law of Washington off the top of my head, but my understanding is even business records do not need to be kept for more than seven years**. So I mean, the odds are it's either hit the shredder or it's hitting it soon. But anything's possible. But if you want the bills I'd call JC Penny's corporate headquarters and tell them you're going back a few years.

62.    Ms. Finne later conceded that Apex was not in possession of any documentation that might verify that Plaintiff ever owed the alleged obligation that Apex sought to collect from Plaintiff: "[B]ut I don't have any of that

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

documentation on your account. I don't have anything that says originally $68. I have $199.93. That's all I've got."

63.    Ms. Finne nonetheless made clear: "**But I can tell you the court situation on it is you knew you had it, you paid on it, you wrote the contract, sorry, you should have called them and found out where your bill was**."

64.    Attempting to answer Plaintiff's question as to why the alleged obligation that Apex sought to collect from Plaintiff – on which a payment was last made in October of 2002 – was not "charged off" until May of 2009, Ms. Finne stated:

> And started being sold and traded and all that stuff. The date of last payment was October 30, 2002. The charge had to be before October 30, 2002.
>
> \*    \*    \*
>
> Yeah, because date of last payment is October 2002, so it had to have occurred before the last date of payment. It doesn't make any sense if it happened afterwards.
>
> \*    \*    \*
>
> Yeah, it's a tiny amount, **statute of limitations, 10 years on written contracts in most states**. And it probably has been getting pushed around with stuff that actually like has a bank for the buck as far as from the collection side. I mean is a baby debt in my neck of the woods, you know, I'm looking at 10, 20 granders.

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

65.    Ms. Finne also detailed:

> If you settle the account or pay it in full it will be noted on your credit report as such and you will go up in points for that. I'm not really sure how many points. Things keep changing, and I used to keep on top of that, and I've just given up with this economy. But no, **it will absolutely improve your credit report immediately**. It will either raise [] read, you know, settled in full for less than the amount  owed, or it will read paid in full.

66.    On November 21, 2009, Plaintiff received from Apex a written letter dated November 13, 2009, and postmarked November 16, 2009, demanding that Plaintiff pay in full the debt alleged owed or due a creditor other than Apex.

67.    Apex's letter dated November 13, 2009, and postmarked November 16, 2009, purportedly included provisions and disclosures required by the FDCPA at section 1692g.

68.    On November 23, 2009, Plaintiff mailed to Apex a written letter disputing the validity of the debt alleged owed or due a creditor other than Apex.

69.    On November 24, 2009, Plaintiff mailed to Apex, via certified mail, a second written letter disputing the validity of the debt alleged owed or due a creditor other than Apex.

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

70.    Apex received, and signed for, Plaintiff's November 24, 2009 written letter disputing the validity of the debt alleged owed or due a creditor other than Apex, on November 30, 2009.

71.    On November 25, 2009, Apex placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Apex.

72.    Upon information and belief, on November 25, 2009, Apex willfully and knowingly utilized an automatic telephone dialing system to place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Apex.

## COUNT I

73.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 72.

74.    Defendants violated 15 U.S.C § 1692e(2)(a) in falsely representing the character, amount, and legal status of the alleged obligation that Apex sought to collect from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated  15 U.S.C. § 1692e(2)(a);

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

75.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 72.

76.    Defendants violated 15 U.S.C § 1692e(10) in making false representations and using deceptive means in attempt to collect the alleged obligation that Apex sought from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated  15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

Plaintiff's Second Amended Complaint - 18

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

77.    Plaintiff repeats and re-alleges ach and every allegation contained in paragraphs 1 through 72.

78.    Defendants violated 15 U.S.C § 1692f in using unfair and/or unconscionable means in attempt to collect the alleged obligation that Apex sought from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated  15 U.S.C. § 1692f;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

79.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 72.

80.    Defendants violated 15 U.S.C. § 1692g(a) in failing to provide Plaintiff with required written notice either in its initial communication with Plaintiff, or in writing within five (5) days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated  15 U.S.C. § 1692g(a);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

81.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 72.

82.    Defendants violated 15 U.S.C. § 1692g(b) by overshadowing, and/or instituting collection activity inconsistent with, the requisite disclosure of Plaintiff's right to dispute the debt alleged owed or due a creditor other than Apex.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated  15 U.S.C. § 1692g(b);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

## COUNT VI

83.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 72.

84.    Defendants violated 47 U.S.C. § 227(b)(1)(A) by using an automatic telephone dialing system to place no less than three (3) calls to Plaintiff's cellular telephone number in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Apex.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(A);

b)    Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c)    Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d)    Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)    Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

## COUNT VII

Plaintiff's Second Amended Complaint - 22

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

85.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 72.

86.    Defendants violated RCWA 19.16.250 by (1) communicating with Plaintiff in a manner as to harass, intimidate, threaten, or embarrass Plaintiff; (2) communicating with Plaintiff and representing or implying that the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Apex, may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing the alleged obligation, owed or due, or asserted to be owed or due a creditor other than Apex; (3) communicating with Plaintiff and threatening to take any action against Plaintiff which Apex could not legally take at the time the threat was made; and (4) communicating with Plaintiff and attempting to collect in addition to the principal amount the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Apex, any sum other than allowable interest, collection costs or handling fees expressly authorized by statute.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendants violated RCWA 19.16.250;

b)  Awarding Plaintiff actual damages, pursuant to RCWA 19.86.090;

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com

c) Awarding Plaintiff actual damages trebled, pursuant to RCWA 19.86.090;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

**TRIAL BY JURY**

87.    Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 4th day of October, 2010.


s/Aaron D. Radbil
Aaron Radbil
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

WEISBERG & MEYERS, LLC
5722 S, Flamingo Rd., Ste. 656
Cooper City, FL 33330
786-245-8622
866-577-0963 facsimile
aradbil@attorneysforconsumers.com