1  Jeffrey I. Hasson            Honorable Rosanna Malouf Peterson
   Attorney at Law
2  Davenport & Hasson, LLP
   12707 NE. Halsey Street
3  Portland, OR  97230
   Phone: (503) 255-5352
4  Facsimile No.: (503) 255-6124
   E-Mail: hasson@dhlaw.biz
5  Washington State Bar No. 23741
   Attorney for Apex
6

7

8

9  UNITED STATES DISTRICT COURT

10  EASTERN DISTRICT OF WASHINGTON

11  LYNDA THOMAS,          Case No.: CV-10-067-RMP

12         Plaintiff,          ANSWER AND AFFIRMATIVE
                           DEFENSES OF DEFENDANT APEX
13  vs.

14  APEX FINANCIAL MANAGEMENT,
    LLC et al.,
15
           Defendants.
16

17        COMES NOW Defendant Apex Financial Management, LLC ("Apex"),

18  without waiving any objections, rights, and defenses relating to jurisdiction and

19  process, hereby answers Plaintiff's Second Amended Complaint ("Plaintiff's

20  Complaint") as follows:

21                        I.  ANSWER

22        1.1.  Apex admits this is an action brought under the FDCPA, TCPA and

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 1
Case No. CV-10-067-RMP

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

m:\6655\0005\p-answer-apex-2ac.doc

1    WCAA, and denies liability so denies the remaining allegations contained in

2    Paragraph 1 of Plaintiff's Complaint.

3        1.2.    Apex admits this Court has jurisdiction for claims under the FDCPA,

4    and denies the remaining allegations contained in Paragraph 2 of Plaintiff's

5    Complaint.

6        1.3.    Apex lacks sufficient information to admit or deny the allegations in

7    Paragraph 3 of Plaintiff's Complaint, and, therefore, denies the allegations contained

8    in Paragraph 3 of Plaintiff's Complaint.

9        1.4.    Apex lacks sufficient information to admit or deny the allegations in

10    Paragraph 4 of Plaintiff's Complaint, and, therefore, denies the allegations contained

11    in Paragraph 4 of Plaintiff's Complaint.

12        1.5.    Apex lacks sufficient information to admit or deny the allegations in

13    Paragraph 5 of Plaintiff's Complaint, and, therefore, denies the allegations contained

14    in Paragraph 5 of Plaintiff's Complaint.

15        1.6.    Apex admits Equable Ascent Financial, LLC (EAF) is an entity, and

16    denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

17        1.7.    Apex admits the allegations contained in Paragraph 7 of Plaintiff's

18    Complaint.

19        1.8.    Apex denies the allegations contained in Paragraph 8 of Plaintiff's

20    Complaint.

21        1.9.    Apex admits EAF purchases accounts, and denies the remaining

22    allegations contained in Paragraph 9 of Plaintiff's Complaint.

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 2
Case No. CV-10-067-RMP

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

m:\6655\0005\p-answer-apex-2ac.doc

1.10.  Apex admits EAF purchases accounts, and denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

1.11.  Apex admits EAF purchases accounts, and denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

1.12.  Apex admits EAF offers portfolio management, and denies the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

1.13.  Apex admits EAF offers portfolio management, and denies the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

1.14.  Apex admits EAF offers portfolio management, and denies the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

1.15.  Apex admits EAF offers portfolio management, and denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

1.16.  Apex admits EAF offers portfolio management, and denies the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

1.17.  Apex admits it is a limited liability company that from time to time is engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" as defined by 15 USC § 1692a(5), but Apex lacks sufficient information to admit or deny the remaining allegations in Paragraph 17 of Plaintiff's Complaint, and, therefore, denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

1.18.  Apex admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 3
Case No. CV-10-067-RMP

m:\6655\0005\p-answer-apex-2ac.doc

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1.19.   Apex denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

1.20.   Apex admits it collects debts, and lacks sufficient information to admit or deny the remaining allegations in Paragraph 20 of Plaintiff's Complaint, and, therefore, denies the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

1.21.   Apex admits it collects debts, and lacks sufficient information to admit or deny the remaining allegations in Paragraph 21 of Plaintiff's Complaint, and, therefore, denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

1.22.   Apex admits it collects debts, and lacks sufficient information to admit or deny the remaining allegations in Paragraph 22 of Plaintiff's Complaint, and, therefore, denies the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

1.23.   Apex denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

1.24.   Apex denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

1.25.   Apex admit that Apex and EAF do business in the office building located at 1120 Lake Cook Road, Buffalo Grove, Illinois, and deny the remaining allegations made in Paragraph 25 of Plaintiff's Complaint.

1.26.   Apex denies the allegations contained in Paragraph 26 of Plaintiff's

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 4
Case No. CV-10-067-RMP

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1   Complaint.

2         1.27.   Apex denies the allegations contained in Paragraph 27 of Plaintiff's

3   Complaint.

4         1.28.   Apex denies the allegations contained in Paragraph 28 of Plaintiff's

5   Complaint.

6         1.29.   Apex denies the allegations contained in Paragraph 29 of Plaintiff's

7   Complaint.

8         1.30.   Apex denies the allegations contained in Paragraph 30 of Plaintiff's

9   Complaint.

10        1.31.   Apex denies the allegations contained in Paragraph 31 of Plaintiff's

11  Complaint.

12        1.32.   Apex denies the allegations contained in Paragraph 32 of Plaintiff's

13  Complaint.

14        1.33.   Apex denies the allegations contained in Paragraph 33 of Plaintiff's

15  Complaint.

16        1.34.   Apex denies the allegations contained in Paragraph 34 of Plaintiff's

17  Complaint.

18        1.35.   Apex denies the allegations contained in Paragraph 35 of Plaintiff's

19  Complaint.

20        1.36.   Apex admits Plaintiff is a natural person, and denies the remaining

21  allegations contained in Paragraph 36 of Plaintiff's Complaint.

22        1.37.   Apex lacks sufficient information to admit or deny the allegations in

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 5
Case No. CV-10-067-RMP

m:\6655\0005\p-answer-apex-2ac.doc

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1    Paragraph 37 of Plaintiff's Complaint, and, therefore, denies the allegations

2    contained in Paragraph 37 of Plaintiff's Complaint.

3          1.38.   Apex admits it is a limited liability company that from time to time is

4    engaged, by use of the mails and telephone, in the business of attempting to collect a

5    "debt" as defined by 15 USC § 1692a(5), but Apex lacks sufficient information to

6    admit or deny the remaining allegations in Paragraph 38 of Plaintiff's Complaint,

7    and, therefore, denies the allegations contained in Paragraph 38 of Plaintiff's

8    Complaint.

9          1.39.   Apex admits Plaintiff contacted Apex on November 6, 2009, and Apex

10    made an effort to collect from Plaintiff an obligation, and denies the remaining

11    allegations contained in Paragraph 39 of Plaintiff's Complaint.

12          1.40.   Apex denies the allegations contained in Paragraph 40 of Plaintiff's

13    Complaint.

14          1.41.   Apex admits Plaintiff contacted Apex on November 6, 2009, and

15    Plaintiff spoke with R. Bowlen, and denies the remaining allegations contained in

16    Paragraph 41 of Plaintiff's Complaint.

17          1.42.   Apex admits Plaintiff contacted Apex on November 6, 2009, and Apex

18    made an effort to collect from Plaintiff an obligation, Apex informed Plaintiff that

19    Apex was a debt collector, and denies the remaining allegations contained in

20    Paragraph 42 of Plaintiff's Complaint.

21          1.43.   Apex admits Plaintiff contacted Apex on November 6, 2009, and Apex

22    made an effort to collect from Plaintiff an obligation, and denies the remaining

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 6
Case No. CV-10-067-RMP

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

m:\6655\0005\p-answer-apex-2ac.doc

1    allegations contained in Paragraph 43 of Plaintiff's Complaint.

2        1.44.   Apex admits Plaintiff contacted Apex on November 6, 2009, and Apex

3    made an effort to collect from Plaintiff an obligation, and stated the words in the

4    quotation, and denies the remaining allegations contained in Paragraph 44 of

5    Plaintiff's Complaint.

6        1.45.   Apex admits Plaintiff contacted Apex on November 6, 2009, and Apex

7    made an effort to collect from Plaintiff an obligation and stated the words in the

8    quotation, and denies the remaining allegations contained in Paragraph 45 of

9    Plaintiff's Complaint.

10        1.46.   Apex admits Plaintiff contacted Apex on November 6, 2009, and Apex

11    made an effort to collect from Plaintiff an obligation and stated the words in the

12    quotation, and denies the remaining allegations contained in Paragraph 46 of

13    Plaintiff's Complaint.

14        1.47.   Apex admits Plaintiff contacted Apex on November 6, 2009, and Apex

15    made an effort to collect from Plaintiff an obligation and stated the words in the

16    quotation, and denies the remaining allegations contained in Paragraph 47 of

17    Plaintiff's Complaint.

18        1.48.   Apex admits Plaintiff contacted Apex on November 6, 2009, and Apex

19    made an effort to collect from Plaintiff an obligation and stated the words in the

20    quotation, and denies the remaining allegations contained in Paragraph 48 of

21    Plaintiff's Complaint.

22        1.49.   Apex admits Plaintiff contacted Apex on November 6, 2009, and denies

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 7
Case No. CV-10-067-RMP

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

m:\6655\0005\p-answer-apex-2ac.doc

1    the remaining allegations contained in Paragraph 49 of Plaintiff's Complaint.

2        1.50.  Apex admits Plaintiff contacted Apex on November 6, 2009, and Apex

3    made an effort to collect from Plaintiff an obligation and stated the words in the

4    quotation, and denies the remaining allegations contained in Paragraph 50 of

5    Plaintiff's Complaint.

6        1.51.  Apex admits Plaintiff contacted Apex on November 6, 2009, and Apex

7    made an effort to collect from Plaintiff an obligation and stated the words in the

8    quotation, and denies the remaining allegations contained in Paragraph 51 of

9    Plaintiff's Complaint.

10       1.52.  Apex admits Plaintiff contacted Apex on November 6, 2009, and Apex

11   made an effort to collect from Plaintiff an obligation and stated the words in the

12   quotation, and denies the remaining allegations contained in Paragraph 52 of

13   Plaintiff's Complaint.

14       1.53.  Apex admits Apex contacted Plaintiff on November 12, 2009, and Apex

15   made an effort to collect from Plaintiff an obligation, and denies the remaining

16   allegations contained in Paragraph 53 of Plaintiff's Complaint.

17       1.54.  Apex admits Apex contacted Plaintiff on November 12, 2009, and Apex

18   made an effort to collect from Plaintiff an obligation, and denies the remaining

19   allegations contained in Paragraph 54 of Plaintiff's Complaint.

20       1.55.  Apex admits Apex contacted Plaintiff on November 12, 2009, and

21   Plaintiff spoke with H. Finne, and denies the remaining allegations contained in

22   Paragraph 55 of Plaintiff's Complaint.

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 8
Case No. CV-10-067-RMP

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR 97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1.56.   Apex admits Apex contacted Plaintiff on November 12, 2009, and Apex made an effort to collect from Plaintiff an obligation, and Apex informed Plaintiff that Apex was a debt collector, and stated the words in the quotation, and denies the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint.

1.57.   Apex admits Apex contacted Plaintiff on November 12, 2009, and Apex made an effort to collect from Plaintiff an obligation, and stated the words in the quotation, and denies the remaining allegations contained in Paragraph 57 of Plaintiff's Complaint.

1.58.   Apex admits Apex contacted Plaintiff on November 12, 2009, and Apex made an effort to collect from Plaintiff an obligation, and stated the words in the quotation, and denies the remaining allegations contained in Paragraph 58 of Plaintiff's Complaint.

1.59.   Apex admits Apex contacted Plaintiff on November 12, 2009, and Apex made an effort to collect from Plaintiff an obligation, and stated the words in the quotation, and denies the remaining allegations contained in Paragraph 59 of Plaintiff's Complaint.

1.60.   Apex admits Apex contacted Plaintiff on November 12, 2009, and Apex made an effort to collect from Plaintiff an obligation, and stated the words in the quotation, and denies the remaining allegations contained in Paragraph 60 of Plaintiff's Complaint.

1.61.   Apex admits Apex contacted Plaintiff on November 12, 2009, and Apex made an effort to collect from Plaintiff an obligation, and stated the words in the

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 9
Case No. CV-10-067-RMP

m:\6655\0005\p-answer-apex-2ac.doc

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1  quotation, and denies the remaining allegations contained in Paragraph 61 of

2  Plaintiff's Complaint.

3      1.62.   Apex admits Apex contacted Plaintiff on November 12, 2009, and Apex

4  made an effort to collect from Plaintiff an obligation, and stated the words in the

5  quotation, and denies the remaining allegations contained in Paragraph 62 of

6  Plaintiff's Complaint.

7      1.63.   Apex admits Apex contacted Plaintiff on November 12, 2009, and Apex

8  made an effort to collect from Plaintiff an obligation, and stated the words in the

9  quotation, and denies the remaining allegations contained in Paragraph 63 of

10  Plaintiff's Complaint.

11      1.64.   Apex admits Apex contacted Plaintiff on November 12, 2009, and Apex

12  made an effort to collect from Plaintiff an obligation, and stated the words in the

13  quotation, and denies the remaining allegations contained in Paragraph 64 of

14  Plaintiff's Complaint.

15      1.65.   Apex admits Apex contacted Plaintiff on November 12, 2009, and Apex

16  made an effort to collect from Plaintiff an obligation, and stated the words in the

17  quotation, and denies the remaining allegations contained in Paragraph 65 of

18  Plaintiff's Complaint.

19      1.66.   Apex admits Apex sent a letter to Plaintiff on or about November 13,

20  2009 demanding payment of an obligation, but Apex lacks sufficient information to

21  admit or deny the remaining allegations in Paragraph 66 of Plaintiff's Complaint,

22  and, therefore, denies the allegations contained in Paragraph 66 of Plaintiff's

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 10
Case No. CV-10-067-RMP

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

m:\6655\0005\p-answer-apex-2ac.doc

1   Complaint.

2       1.67.   Apex admits Apex sent a letter to Plaintiff on or about November 13,

3   2009 demanding payment of an obligation that contained information set forth in 15

4   USC § 1692g, but Apex lacks sufficient information to admit or deny the remaining

5   allegations in Paragraph 67 of Plaintiff's Complaint, and, therefore, denies the

6   allegations contained in Paragraph 67 of Plaintiff's Complaint.

7       1.68.   Apex lacks sufficient information to admit or deny the allegations in

8   Paragraph 68 of Plaintiff's Complaint, and, therefore, denies the allegations

9   contained in Paragraph 68 of Plaintiff's Complaint.

10      1.69.   Apex lacks sufficient information to admit or deny the allegations in

11  Paragraph 69 of Plaintiff's Complaint, and, therefore, denies the allegations

12  contained in Paragraph 69 of Plaintiff's Complaint.

13      1.70.   Apex lacks sufficient information to admit or deny the allegations in

14  Paragraph 70 of Plaintiff's Complaint, and, therefore, denies the allegations

15  contained in Paragraph 70 of Plaintiff's Complaint.

16      1.71.   Apex admits it called Plaintiff on November 25, 2009 in an effort to

17  collect an obligation from Plaintiff, and denies the remaining allegations contained in

18  Paragraph 71 of Plaintiff's Complaint.

19      1.72.   Apex denies the allegations contained in Paragraph 72 of Plaintiff's

20  Complaint.

21      1.73.   Apex admits and denies the allegations contained in Paragraph 73 as set

22  forth in paragraphs 1.1 through 1.72 of this Answer.

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 11
Case No. CV-10-067-RMP

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

m:\6655\0005\p-answer-apex-2ac.doc

1.74.   Apex denies the allegations contained in Paragraph 74 of Plaintiff's Complaint.

1.75.   Apex admits and denies the allegations contained in Paragraph 75 as set forth in paragraphs 1.1 through 1.72 of this Answer.

1.76.   Apex denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

1.77.   Apex admits and denies the allegations contained in Paragraph 77 as set forth in paragraphs 1.1 through 1.72 of this Answer.

1.78.   Apex denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

1.79.   Apex admits and denies the allegations contained in Paragraph 79 as set forth in paragraphs 1.1 through 1.72 of this Answer.

1.80.   Apex denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

1.81.   Apex admits and denies the allegations contained in Paragraph 81 as set forth in paragraphs 1.1 through 1.72 of this Answer.

1.82.   Apex denies the allegations contained in Paragraph 82 of Plaintiff's Complaint.

1.83.   Apex admits and denies the allegations contained in Paragraph 83 as set forth in paragraphs 1.1 through 1.72 of this Answer.

1.84.   Apex denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 12
Case No. CV-10-067-RMP

m:\6655\0005\p-answer-apex-2ac.doc

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1.85.   Apex admits and denies the allegations contained in Paragraph 85 as set forth in paragraphs 1.1 through 1.72 of this Answer.

1.86.   Apex denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

1.87.   Apex admits the allegations contained in Paragraph 87 of Plaintiff's Complaint.

1.88.   Except as so admitted, Apex denies each and every allegation in Plaintiff's Complaint.

## II. AFFIRMATIVE DEFENSES

Having answered Plaintiff's complaint, Apex alleges the following affirmative defenses.

2.1.   **Lack of Standing.**  Plaintiff lacks standing to assert some or all of the claims stated in Plaintiff's complaint and to seek some or all of the relief requested.

2.2.   **Failure to State Claims**.

2.3.   **Lack of Subject Matter Jurisdiction**.

2.4.   **Lack of Real Party in Interest**.

2.5.   **Consent.**  Apex had consent to contact Plaintiff on her cell phone.

2.6.   **Established Business Relationship.**  The claims of Plaintiff fail to the extent they had established business relationships with Apex.

2.7.   **Failure to Mitigate.**  Plaintiff failed to mitigate any damages which she may have suffered.

2.8.   **Lack of Injury.**  Plaintiff has sustained no cognizable injury or

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 13
Case No. CV-10-067-RMP

m:\6655\0005\p-answer-apex-2ac.doc

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

1   damages.

2        2.9.   **Bonafide Error.**

3        2.10.   Apex procedures found that the address for Plaintiff given to them at

4   the time they received the account was invalid.

5        2.11.   Apex did not have a good address for Plaintiff until on or about

6   November 13, 2009.

7        2.12.   It would have been futile for Apex to send Plaintiff a letter to a bad

8   address prior to November 13, 2010.

9        2.13.   Apex sent their first notice to Plaintiff after securing a good address

10  for Plaintiff so the letter did not return.

11       2.14.   Any violation of law, which is specifically denied, was not intentional

12  and resulted from a bona fide error notwithstanding the maintenance of procedures

13  reasonably adapted to avoid any such error.

14       2.15.   **Good Faith Reliance.**   At all pertinent times, Apex acted in good

15  faith reliance on the information provided by the creditor or original creditor of the

16  account.

17       2.16.   **Good Faith.**   Apex acted in good faith at all times.

18       2.17.   **No False Statements.**   Apex did not make any false or misleading

19  representation to Plaintiff or anyone else.

20       2.18.   **Waiver.**   Plaintiff's claims are barred in whole or in part by the

21  doctrines of waiver or estoppel.

22

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 14
Case No. CV-10-067-RMP

m:\6655\0005\p-answer-apex-2ac.doc

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

2.19.  **Lack of Public Interest.**  Apex's actions were not injurious to the public, were motivated by legitimate business concerns and were reasonable in relation to the development and preservation of its business interests.

2.20.  **Lack of Subject Matter Jurisdiction.**

2.21.  **Lack of Real Party in Interest.**

<div align="center">III. PRAYER</div>

Wherefore having fully answered Plaintiff's complaint, having interposed affirmative defenses, Apex prays for the following relief:

3.1.    Dismissal of the Action with prejudice, and with costs and attorney fees to Apex.

3.2.    For such other and further relief as may be provided by law.

Dated October 18, 2010.

DAVENPORT & HASSON, LLP

s/ Jeffrey I. Hasson
WSBA No. 23741
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Telephone:  (503) 255-5352
Fax:  (503) 255-6124
E-Mail:  hasson@dhlaw.biz

*Attorney for Apex*

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 15
Case No. CV-10-067-RMP

m:\6655\0005\p-answer-apex-2ac.doc

**DAVENPORT & HASSON, LLP**
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124

Certificate of Service

I hereby certify that on <u>October 18, 2010</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:  <u>Jon N. Robbins and Aaron Radbil</u>, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  _____.

<div style="margin-left:40%">

s/ Jeffrey I. Hasson
Jeffrey I. Hasson, WSBA#23741
Attorney for Apex
Davenport & Hasson, LLP
12707 NE Halsey St.
Portland, OR 97230
Phone: (503) 255-5352
Facsimile: (503) 255-6124
E-Mail: hasson@dhlaw.biz

</div>

ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANT APEX - 16
Case No. CV-10-067-RMP

m:\6655\0005\p-answer-apex-2ac.doc

DAVENPORT & HASSON, LLP
Attorneys at Law
12707 NE. Halsey Street
Portland, OR  97230
Telephone No. (503) 255-5352
Facsimile No. (503) 255-6124