UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LYNDA THOMAS,<br><br>                    Plaintiff,<br><br>     v.<br><br><br>APEX FINANCIAL MANAGEMENT, LLC,<br>                    Defendant. | NO: CV-10-067-RMP<br><br>ORDER ADDRESSING MOTION FOR RECONSIDERATION OF DEFENDANT'S MOTIONS RE: PROTECTIVE ORDER |

Before the Court is Defendant's Motion for Reconsideration (Ct. Rec. 33). Defendant Apex is a debt collection service.  Plaintiff, Ms. Thomas, is a consumer.

At the last status conference, the parties discussed a need for an order to protect some of Defendant's confidential, proprietary, or commercially sensitive information.  The Court encouraged them to begin by trying to resolve the dispute on their own, but eventually Defendant filed a motion for a protective order (Ct. Rec. 20).  Then the parties appeared to have settled their protective order dispute by filing a stipulated motion for a protective order (Ct. Rec. 31).  Accordingly, the Court granted the stipulated motion and found Defendant's earlier motion moot

ORDER ADDRESSING DEFENDANT'S MOTIONS, RE PROTECTIVE ORDER ~ 1

(Ct. Rec. 32). However, in the pending motion, Defendant informs the Court that the parties still have a dispute as to a blanket protective order

## APPLICABLE LAW

Fed. R. Civ. P. 26 (c)(1)(G) states in relevant part:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; . . .

*Id.*

Under federal law, there is no absolute privilege for trade secrets; instead, a court weighs the claim to privacy against the need for disclosure in each case, and can enter protective orders allowing discovery but limiting the use of the discovered documents. *Fed. Open Market Comm. of the Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.1992). In general, and absent a court order to the contrary, "the fruits of pre-trial discovery are . . . presumptively public." *Phillips ex. rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th

ORDER ADDRESSING DEFENDANT'S MOTIONS, RE PROTECTIVE ORDER ~ 2

Cir.2002). Rule 26(c), however, authorizes a district court to override the presumption that a document is public where "good cause" is shown. *Phillips*, 307 F.3d at 1210. The required showing imposes a burden on the party to demonstrate that "specific prejudice or harm will result if no protective order is granted." *Id*. 307 F.3d at 1210-11. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasons, do not satisfy the Rule 26(c) test . . . " *Id*. (quoting *Beckman Indus., Inc. v. International Ins. Co*., 966 F.2d 470, 476 (9th Cir.1992).

## DISCUSSION

Defendant states that it did confer with Plaintiff in good faith in an effort to resolve the dispute (Ct. Rec. 20 at 2). Although the Plaintiff disagrees (Ct. Rec. 29 at 2), it does appear that the parties spoke at least once on the telephone as well as corresponding via email, so the Court finds that the requirement to confer has been met (Ct. Rec. 30-1 at 4).

Defendant submitted no evidence or proffer to make the required showing that prejudice or harm will result if no protective order is granted, stating only that it "moves for a protective order to keep confidential non-public, proprietary, or commercially sensitive information" (Ct. Rec. 20 at 2). *See Phillips ex. rel. Estates of Byrd v. General Motors Corp*., 307 F.3d 1206, 1210 (9th Cir.2002). Accordingly, Defendant fails to meet its burden that a broad protective order is

ORDER ADDRESSING DEFENDANT'S MOTIONS, RE PROTECTIVE ORDER ~ 3

necessary to protect confidential, proprietary, or commercially sensitive information.

However, the Court presumes that publication of discovery that includes personal data identifiers of alleged debtors would result in harm (*see* Fed. R. Civ. P. 5.2(a) for list of personal data identifiers). Consequently, documents that include this information shall be considered confidential unless the personal data identifiers are redacted. Any document that includes personal data identifiers shall be marked "Confidential" by the proffering party and only be provided to experts or consultants to the extent necessary to assist counsel in the prosecution or defense of this litigation, provided that such expert or consultant signs an agreement not to disclose to any third party, for any reason, any information that has been marked "Confidential," without an express order from this Court allowing such disclosure. Within 20 days after satisfaction of the judgment in this action finally disposing of all litigation in which "Confidential" material is produced, including the exhaustion of all permissible appeals or expiration of time for appeals, all persons having received "Confidential" material shall return such material and all copies, including any summaries and excerpts, to the proffering party.

In order for any other document to be included as "Confidential" and receive the protection of this Order, the proffering party must first make a showing to the

ORDER ADDRESSING DEFENDANT'S MOTIONS, RE PROTECTIVE ORDER ~ 4

Court that such document(s) will produce "specific prejudice or harm will result if no protective order is granted." *See Phillips,* 307 F.3d at 1210-11.

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for Reconsideration (**Ct. Rec. 33**) is **GRANTED**.

2. Defendant's Motion for a Protective Order (**Ct. Rec. 20**) is **GRANTED IN PART** and **DENIED IN PART** as outlined above.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 27th day of October, 2010.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER ADDRESSING DEFENDANT'S MOTIONS, RE PROTECTIVE ORDER ~ 5